UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DOUGLAS A. M.,                      )
                                    )
            Plaintiff               )
                                    )
v.                                  )    No. 1:18-cv-00147-JAW
                                    )
NANCY A. BERRYHILL,                 )
Acting Commissioner of Social Security, )
                                    )
            Defendant               )

### REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge ("ALJ") supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the bases that the ALJ erred in failing to adopt the opinion of treating physician George H. Butlers, M.D., and in discounting his allegations of debilitating pain and limitation. *See* Plaintiff's Statement of Errors ("Statement of Errors") (ECF No. 14) at 5-7. I find no error and, accordingly, recommend that the court affirm the commissioner's decision.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff met the insured status requirements of the Social Security

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

Act through September 30, 2018, Finding 1, Record at 13; that he had the severe impairments of degenerative disc disease, degenerative joint disease, a chronic pain syndrome, carpal tunnel syndrome, and a depressive disorder, Finding 3, *id*. at 14; that he had the residual functional capacity ("RFC") to perform light work as described in 20 C.F.R. §§ 404.1567(b) and 416.967(b) in that he could lift and/or carry 20 pounds occasionally and 10 pounds frequently and sit and stand and/or walk for six hours each in an eight-hour workday, but could not perform work above shoulder level or work requiring rapid neck/head movement, could frequently handle and feel, with no limitations in fingering, could occasionally climb, balance, stoop, kneel, and crouch, with no crawling or climbing of ladders, ropes, or scaffolds, could not work with tools or materials that impart significant vibration, and could maintain concentration and attention sufficient to perform uncomplicated work tasks over an eight-hour workday, assuming short work breaks on average every two hours, Finding 5, *id*. at 16; that, considering his age (41 years old, defined as a younger individual, on his alleged disability onset date, December 1, 2013), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 7-10, *id*. at 24-25; and that he, therefore, had not been disabled from December 1, 2013, his alleged onset date of disability, through the date of the decision, September 30, 2016, Finding 11, *id*. at 25-26. The Appeals Council declined to review the decision, *id*. at 1-4, making the decision the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must

be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

Dr. Butlers completed an RFC questionnaire indicating, *inter alia*, that the plaintiff "could not walk a city block or more without rest or severe pain; . . . needed to lie down for 3 hours at a time; could sit and stand/walk less than 1 hour in an 8-hour workday; needed unscheduled breaks several times a day; [and] could never use [his] hands, fingers or arms[.]" Record at 23: *see also id*. 590-93.

The ALJ concluded that the Butlers opinion was "not supported by and [wa]s not consistent with the record as a whole[,] including the limited findings on exams, the positive response to treatment, and the [plaintiff]'s activities," and, hence, was "not entitled to significant probative weight." *Id*. at 23 (citations omitted). He chose to rely instead on the opinions of an examining physician, Robert Keller, M.D., and an agency nonexamining consultant, J.H. Hall, M.D., which he deemed consistent with the record as a whole. *See id*. at 23-24, 84-86, 377-78.[2]

---

[2] Dr. Keller stated that, although the plaintiff "should be careful about certain types of activities such as extensive forceful cervical extension, very heavy lifting, and any risky activities that might cause him to sustain an injury[,]" he "should remain active physically" and could "do light to moderate level physical work." Record at 378. Dr. Hall

3

The plaintiff contends that this was error because the Butlers opinion is supported by diagnostic imaging evidence, the plaintiff's testimony, and the statements of treating psychiatric nurse practitioner Donna R. Huff, PMHNP, CS, ANP. *See* Statement of Errors at 6-7.[3] Yet, he neither identifies any reason why the ALJ erred in relying on the Keller and Hall opinions nor argues that those opinions cannot constitute substantial evidence of his RFC. *See id*.

As the commissioner rejoins, *see* Defendant's Opposition to Plaintiff's Statement of Errors (ECF No. 16) at 2 n.2 & 7, this amounts to an unavailing invitation to the court to reweigh the evidence, *see, e.g., Rodriguez,* 647 F.2d at 222 ("The Secretary may (and, under his regulations, must) take medical evidence. But the resolution of conflicts in the evidence and the determination of the ultimate question of disability is for him, not for the doctors or for the courts."); *Malaney v. Berryhill*, No. 2:16-cv-00404-GZS, 2017 WL 2537226, at *2 (D. Me. June 11, 2017) (rec. dec., *aff'd* July 11, 2017), *aff'd*, No. 17-1889, 2019 WL 2222474 (1st Cir. May 15, 2019) ("The mere fact that a claimant can point to evidence of record supporting a different conclusion does not, in itself, warrant remand.").

To the extent that the plaintiff separately faults the ALJ's decision to discount his subjective allegations of pain and functional limitations, *see* Statement of Errors at 5-7, he fails to come to grips with the ALJ's detailed explanation for that finding, *see* Record at 20-23, affording no basis on which to disturb it, *see, e.g.*, *Frustaglia v. Sec'y of Health & Human Servs.*, 829 F.2d 192, 195 (1st Cir. 1987) ("The credibility determination by the ALJ, who observed the claimant, evaluated his demeanor, and considered how that testimony fit in with the rest of the evidence, is

---

deemed the plaintiff capable of lifting and/or carrying up to 20 pounds occasionally and 10 pounds frequently, standing and/or walking for about six hours in an eight-hour workday, and sitting for about six hours in an eight-hour workday, with limitations in pushing and/or pulling with his upper extremities and postural, manipulative, and environmental limitations. *See id*. at 84-86.

[3] PMHNP Huff stated that plaintiff had "a history of dysthymia with a superimposed chronic pain syndrome" and that "[t]he chronic pain worsens the depression[,] and the depression worsens the chronic pain[,] leaving him unable to seek gainful and sustainable employment[.]" Record at 589.

4

entitled to deference, especially when supported by specific findings."); *Hadley v. Astrue*, No. 2:10-cv-51-GZS, 2010 WL 5638728, at *3 (D. Me. Dec. 30, 2010) (rec. dec., *aff'd* Jan. 24, 2011) (declining to disturb ALJ's partial discounting of claimant's subjective allegations when, even if claimant was correct in her assertion that two reasons for the finding were unsupported by the record, the ALJ supplied other well-supported reasons).

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 24th day of May, 2019.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge